# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ELBA TORRES,<br><br>        Defendant. | No. 17-CR-00010-LRR<br><br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

On June 20, 2017, the above-named defendant, Elba Torres, by consent (Doc. 47), appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered pleas of guilty to **Counts One and Two** of the Indictment (Doc. 4). After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty pleas were knowledgeable and voluntary, and the offenses charged were supported by an independent basis in fact containing each of the essential elements of the offenses. The court therefore **RECOMMENDS** that the pleas of guilty be accepted and the defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the defendant was placed under oath and advised that if she answered any questions falsely, she could be prosecuted for perjury or for making a false statement. She also was advised that in any such prosecution, the Government could use against her any statements she made under oath.

The court asked a number of questions to ensure the defendant's mental capacity to enter a plea. The defendant stated her full name, her age, and the extent of her schooling.

The court inquired into the defendant's history of mental illness and addiction to narcotic drugs. The court further inquired into whether the defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair her ability to make knowing, intelligent, and voluntary pleas of guilty to the charges.

The defendant acknowledged that she had received a copy of the Indictment, and she had fully discussed these charges with her attorney.

The court determined that the defendant was pleading guilty under a plea agreement with the Government[1]. After confirming that a copy of the written plea agreement was in front of the defendant and her attorney, the court determined that the defendant understood the terms of the plea agreement. The court summarized the plea agreement, and made certain the defendant understood its terms. Pursuant to the plea agreement, the defendant agrees to forfeit and abandon a list of documents specified in paragraph 17 as well as all items seized by law enforcement from defendant during her arrest and the search of her house on March 7, 2017.

The court explained to the defendant that because the plea agreement provided for dismissal of charges if she pleaded guilty, a presentence report would be prepared and a district judge would consider whether or not to accept the plea agreement. If the district judge decided to reject the plea agreement, then the defendant would have an opportunity to withdraw her pleas of guilty and change them to not guilty.

The defendant was advised also that after her pleas were accepted, she would have no right to withdraw the pleas at a later date, even if the sentence imposed was different

---

[1] With Counts 17 and 18 to be dismissed at the sentencing hearing.

from what the defendant or her counsel anticipated.

The court summarized the charges against the defendant, and listed the elements of the crimes. The court determined that the defendant understood each and every element of the crimes, and the defendant's counsel confirmed that the defendant understood each and every element of the crimes charged.

The court elicited a full and complete factual basis for all elements of the crimes charged in **Counts One and Two** of the Indictment to which the defendant was pleading guilty.

The court advised the defendant of the consequences of her pleas, including, for each Count, the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, the possibility that restitution could be ordered, and term of supervised release. Because these charges involve fraud or other intentionally deceptive practices, the defendant was advised that the court also could order her to provide notice of the conviction to victims of the offense.

With respect to **Count One**, the defendant was advised that the maximum fine is **$250,000**; the maximum term of imprisonment is **15 years**; and the maximum period of supervised release is **3 years**. The defendant was also advised that restitution may be imposed pursuant to Title 18.

With respect to **Count Two**, the defendant was advised that the maximum fine is **$250,000**; the mandatory term of imprisonment is **2 years**, to be served consecutive to any other sentence; and the maximum period of supervised release is **1 year**. The defendant was also advised that restitution may be imposed pursuant to Title 18.

The defendant was advised that the cumulative maximum penalties that may be imposed for **Counts One** and **Two** are: a maximum fine of **$500,000**; a maximum term of imprisonment of **17 years**; a mandatory term of imprisonment of **2 years**, to be served

consecutive to any other sentence; and a maximum period of supervised release of **4 years**.

The defendant also was advised that the court is obligated to impose a special assessment of **$100.00** on each Count, for a total of **$200.00**, which the defendant must pay. The defendant also was advised of the collateral consequences of a plea of guilty. The defendant acknowledged that she understood all of the above consequences.

The Court explained supervised release to the defendant, and advised her that a term of supervised release would be imposed in addition to the sentence of imprisonment. The defendant was advised that there are conditions of supervised release, and that if she were found to have violated a condition of supervised release, then her term of supervised release could be revoked and she could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The court also explained to the defendant that the district judge would determine the appropriate sentence for her at the sentencing hearing. The defendant confirmed that she understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. The defendant acknowledged that she understood the sentence imposed might be different from what her attorney had estimated. The defendant also was advised that both she and the Government would have the right to appeal the sentence. The defendant was advised that parole has been abolished.

The defendant indicated she had conferred fully with her counsel and she was fully satisfied with her counsel. The defendant's attorney indicated that there is a factual basis for the guilty pleas.

The defendant was advised fully of her right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial

proceedings;

2. The right to a speedy, public trial;

3. The right to have her case tried by a jury selected from a cross-section of the community;

4. That she would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial, and if she could not afford to pay the fees and costs of bringing these witnesses to court, then the Government would be required to pay those fees and costs;

8. That the defendant would have the privilege against self-incrimination; *i.e.*, she could choose to testify at trial, but she need not do so, and if she chose not to testify, then the court would instruct the jury that the defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That she would have the right to appeal, and if she could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The defendant also was advised of the rights she would waive by entering a plea of guilty. The defendant was told there would be no trial, she would waive all the trial rights just described, and she would be adjudged guilty without any further proceedings except for sentencing.

The defendant confirmed that her decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises; and her decision to plead guilty was not the result of any threats, force, or anyone pressuring her to plead guilty.

5

The defendant confirmed that she still wished to plead guilty, and she pleaded guilty to **Counts One and Two** of the Indictment.

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and the defendant is fully competent.

2. The defendant is aware of the maximum punishment.

3. The defendant knows her jury rights.

4. The defendant has voluntarily waived her jury rights.

5. There is a factual basis for the plea.

6. The defendant is, in fact, guilty of the crimes to which she is pleading guilty.

The defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was told that she and her counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and she and her counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar her from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant's plea of guilty.

*United States v. Cortez-Hernandez*, 2016 WL 7174114 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this order is filed.

The court finds by clear and convincing evidence that the defendant is not likely to flee or to pose a danger to the safety of any other person or the community. Therefore, in accordance with 18 U.S.C. §§ 3143(a) and 3142(c), the defendant is released pursuant to the terms of her bond, and she shall surrender to the United States Marshals Service on a date to be determined by the United States District Judge.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 21st day of June, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa